**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   OR-15-1170-TaKuJu |
| | ) | |
| BARBARA K. PARMENTER, | ) | Bk. No.   09-60875-fra11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BARBARA K. PARMENTER, | ) | |
| | ) | |
| Appellant. | ) | **MEMORANDUM**[*] |
| _____ | ) | |

Submitted Without Oral Argument[**]
on November 17, 2016

Filed – December 5, 2016

Appeal from the United States Bankruptcy Court
for the District of Oregon

Honorable Frank R. Alley, III, Bankruptcy Judge, Presiding

_____

Appearances:   Barbara K. Parmenter, pro se, on brief.

_____

Before:   TAYLOR, KURTZ, and JURY, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Panel unanimously determined that the appeal was suitable for submission on the briefs and record pursuant to Rule 8019(b)(3).

## INTRODUCTION

Debtor Barbara K. Parmenter appeals from an order granting her a discharge under § 1141(d)[1] and closing her bankruptcy case.

We AFFIRM.

## FACTS[2]

Debtor filed a chapter 11 petition in March 2009. The bankruptcy court subsequently appointed a chapter 11 trustee[3] and, in May 2011, confirmed the trustee's first amended chapter 11 plan. Debtor unsuccessfully appealed from the confirmation order; it became final years ago. Eventually, the bankruptcy court issued a final decree closing the case and stating that: "upon completion of all payments under the plan, the debtor must file a motion to reopen the case, pay the required reopening fee (if the case is closed at the time) and contemporaneously file a motion for entry of discharge on Local Form #1191.3."

Three years later, the bankruptcy court reopened the case

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] None of the documents supplied by the Debtor in her excerpts of record are relevant to the only issue on appeal. As a result, we exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Debtor unsuccessfully appealed from the trustee appointment order.

2

on Debtor's motion. Debtor then appropriately requested entry of discharge in her case. After a hearing, which Debtor did not attend, and Debtor's filing of a financial management course certification, the bankruptcy court entered an order granting Debtor's discharge under § 1141(d) and, again, closing her case.

In a complete change of direction, Debtor then timely appealed from the discharge order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in entering the discharge order.

## STANDARDS OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Adinolfi v. Meyer (In re Adinolfi), 543 B.R. 612, 614 (9th Cir. BAP 2016).

## DISCUSSION

On appeal, Debtor primarily alleges that certain current and former members of the Oregon State Bar, including the bankruptcy judge, harbor ill will against her as the result of a lawsuit that she filed against the state bar. Thus, Debtor contends, every member of the Oregon State Bar is in conflict with her, and she lacks "access to the State and Federal Courts or the services of the courts in Oregon."

She also asserts that the bankruptcy court exceeded its jurisdiction when it entered certain orders in 2010, alleges

3

theories of conspiracy and collusion with creditor Umpqua Bank, mentions the suspicious involvement of Middle Eastern men "in the confiscation of her properties and wealth," and claims various violations of her constitutional and civil rights. While we liberally construe a pro se debtor's appellate brief, see Nordeen v. Bank of Am. N.A. (In re Nordeen), 495 B.R. 468, 483 (9th Cir. BAP 2013), Debtor's allegations wander far beyond the narrow scope of this appeal and fall far short of presenting any fact or legal argument supporting reversal.

Since Debtor does not specifically and distinctly address the only issue on appeal, we may summarily affirm the bankruptcy court on that basis alone. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

Further, we do not consider arguments on appeal that were not raised before the bankruptcy court. See Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012). Here, Debtor did not object to the entry of discharge in the bankruptcy court; indeed, she requested this relief. And, she did not appear at the hearing on her motion for entry of discharge. Through her action and inaction, she waived the opportunity to appeal from the discharge order.

Finally, Debtor may actually intend a collateral attack on the plan confirmation order through this appeal. As stated, the plan confirmation order is now final and incapable of attack through any appeal. If this is Debtor's goal, then we must dismiss the appeal as we lack jurisdiction to hear it.

4

Construing Debtor's arguments as assertions of fraud in connection with the confirmation process provides no remedy for Debtor's finality problem. Section 1144 provides that "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud." Here, the 180 days expired on September 1, 2011, and the time to bring a motion under § 1144 is not subject to enlargement. See generally Fed. R. Bankr. P. 9024 ("[A] complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 . . . ."); Fed. R. Bankr. P. 9006(b)(2) (the bankruptcy court may not enlarge the time for taking action under Rule 9024).[4]

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[4] In her appellate brief, Debtor in a single sentence requests direct appeal certification to the Ninth Circuit. This Panel already denied Debtor's prior request to "transfer" the appeal to Ninth Circuit. BAP Dkt. No. 10. We decline to construe Debtor's bald request in her appellate brief as a motion for reconsideration.